**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02544

DANA PARKER,

    Plaintiff,

v.

TRUSTWAVE HOLDINGS, INC. d/b/a
AUBIRON TRUSTWAVE, a Delaware corporation,

    Defendant.

## NOTICE OF REMOVAL

Defendant Trustwave Holdings, Inc. d/b/a Aubiron Trustwave[1] ("Trustwave"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes this action from the District Court, Denver County, Colorado, Case No. 2020CV32523, to the United States District Court for the District of Colorado. In addition to removing this matter, Trustwave specifically reserves its right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, Trustwave states as follows:

**A.  Procedural Background.**

1.  Plaintiff Dana Parker ("Parker") filed a civil complaint against Trustwave in the District Court, Denver County, Colorado, Case No. 2020CV32523, on July 23, 2020 (the "State

---

[1] The former d/b/a of Trustwave Holdings, Inc. is AmbironTrustwave, not Aubiron Trustwave.

Court Action").

1. A copy of the entire case file in the State Court Action is attached as Exhibit A. Trustwave was served on August 3, 2020 with the pleadings setting forth the claims for relief asserted in the State Court Action. The Complaint lists two causes of action: (1) violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; and (2) violation of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-402(1)(a).

2. This Court has federal question and diversity jurisdiction over this matter by virtue of 28 U.S.C. § 1331 and § 1332 and may be removed by Trustwave under the provisions of 28 U.S.C. § 1441(a).

**B.  Grounds for Removal.**

      **i.  Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

4. Parker is asserting a claim under the federal ADEA. Accordingly, this is a civil action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1331. (See Exhibit A, Complaint, ¶¶ 41-49.)

5. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in state court asserting a claim over which the district courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending. The Court in which Parker's State Court Action was filed, the District Court for Denver County, Colorado, is located within the District of Colorado.

      **ii.  Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

6. Parker is a Colorado citizen. (See Exhibit A, Complaint, ¶ 1.)

2

7. Parker brings this action against Trustwave Holdings, Inc. d/b/a Aubrion Trustwave.

8. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Trustwave is incorporated under the laws of the state of Delaware and maintains its headquarters and principal place of business in the state of Illinois (Exhibit A, Complaint, ¶ 2; see also Exhibit B, Declaration of Brian Sanderson ("Sanderson Decl."), ¶ 5), making Trustwave a citizen of both Delaware and Illinois within the meaning of section 1332.

10. Accordingly, the parties are citizens of different states.

11. Because Parker and Trustwave are citizens of different states, this is a civil action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332. As such, removal is proper because this Court has diversity jurisdiction.

12. Removal is proper because the amount in controversy exceeds the sum of $75,000. Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─(1) citizens of different States . . . ."

13. Parker seeks a variety of damages for her state law claim, including "back pay, front pay, reinstatement, punitive damages as permitted by statute, attorney fees and costs." (See Exhibit A, Complaint, ¶ 40.)

14. Under CADA, Parker can recover lost wages, including back pay. It is undisputed that Parker's annual base salary at the time of her termination was $59,450.82. (Exhibit B,

Sanderson Decl. at ¶ 6.)  Even if Parker recovers only one and one-half year of lost wages, plus attorneys' fees available under CADA, it is enough to exceed the $75,000 threshold amount under 28 U.S.C. § 1332.

15. Accordingly, Parker's state law claim, standing alone, reasonably exceeds the $75,000 threshold.  Taken together with Parker's ADEA claim, the amount in controversy exceeds $75,000, and the matter is removable pursuant to 28 U.S.C. § 1332.

16. Finally, Parker certifies in her District Court Civil Cover Sheet that she is seeking a monetary judgment "for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (See Exhibit A, District Court Civil Cover Sheet, p. 1.)  *See also Valdez v. Byers*, 2009 WL 1440090 (D. Colo. May 20, 2009) (Arguello, J.) (noting that the Civil Cover Sheet may weigh in favor of jurisdiction where buttressed by additional evidence).

**C.      This Removal Is Timely Filed.**

17. Trustwave is filing this Notice of Removal within thirty days of service of Parker's Complaint.  Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b)(1).

**D.      This Court Is a Proper Venue for Parker's Claims against Trustwave.**

18. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a state court asserting a claim over which the District Courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.

19. This District Court's geographical jurisdiction encompasses Denver County, Colorado.

20.     Therefore, this Court is a proper venue for this lawsuit.

**E.     Jurisdictional Prerequisites to Removal Have Been Met.**

21.     Trustwave has heretofore sought no similar relief.

22.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon" Trustwave are attached to this notice as Exhibit A.  There have been no other process, pleadings, or orders served on Trustwave to date in this case.

23.     Pursuant to 28 U.S.C. § 1446(d), Trustwave is giving written notice of this removal to Parker and will also promptly file a copy of the notice with the clerk of the District Court for Denver County, Colorado.

24.     For the foregoing reasons, the State Court Action may be properly removed to this Court.  See 28 U.S.C. §§ 1441 and 1446.

25.     In filing this Notice of Removal, Trustwave reserves any defenses available to it in this action.

WHEREFORE, Defendant Trustwave Holdings, Inc. hereby removes this action from the District Court, Denver County, Colorado to the United States District Court for the District of Colorado.

Respectfully submitted this 24th day of August, 2020.

                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                *s/ Roger G. Trim*
Roger G. Trim
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:  303.831.9246
roger.trim@ogletree.com
steven.reid@ogletree.com

*Attorneys for Defendant Trustwave Holdings, Inc.*

### CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of August, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a true and accurate copy of the same upon counsel for Plaintiff by email:

Jason B. Weosky
jwesoky@darlingmilligan.com

                                      *s/ Alison L. Shaw*
                                      Alison L. Shaw, Paralegal